IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANGELA ANN THOMPSON                                    PLAINTIFF

V.                      NO. 5:10-CV-05076-ELS

MICHAEL J. ASTRUE,
Commissioner of Social Security                                    DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff, Angela Ann Thompson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether the Commissioner's decision is supported by substantial evidence in the administrative record. See 42 U.S.C. § 405(g).

**I.     Procedural Background**

Plaintiff protectively filed her current application for a period of disability and disability insurance benefits on May 18, 2007, alleging disability beginning April 19, 2007. (Tr. 89) She alleges disability based upon microscopic colitis, gastric dumping syndrome, a history of abdominal pain, a bulging disc in her cervical spine, as well as multiple other ailments including fibromyalgia, asthma, and migraine headaches. (Tr. 43-46, 128, 246, 266, 284). Plaintiff's original application and reconsideration were denied. (Tr. 48-56). She then requested an administrative hearing which was held on March 2, 2009. (Tr. 8-34). At the hearing, Plaintiff and a Vocational Expert (VE), Tanya Owen, testified. (TR. 8-34).

By written decision dated August 21, 2009 the Administrative Law Judge (ALJ) found that Plaintiff's gastrointestinal system disorder was a severe impairment. (Tr. 42). However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 42). The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work because she could occasionally lift and/or carry 20 pounds and could frequently lift and/or carry 10 pounds. (Tr. 42). Additionally, she could sit for six hours of an eight-hour workday and walk for six hours of an eight-hour workday. (Tr. 42-43). The ALJ also found that the Plaintiff must avoid concentrated exposure to pulmonary irritants. (Tr. 43). From a non-exertion perspective, the ALJ found that Plaintiff was moderately limited in concentration, persistence, and pace. (Tr. 43). With the aid of the VE, the ALJ determined that Plaintiff could perform work as a "Mail Clerk," a "Cashier II," and a "Counter Clerk." (Tr. 46).

Plaintiff then requested a review by the Appeals Council which was denied on March 4, 2010. (Tr. 1-4). Therefore, the ALJ's decision became the final action of the Commissioner. Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Docs. 3, 5, 6).

## II.   Applicable Law

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d

964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §§ 404.1520, 416.920.  Only

if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schwieker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

### III.     Discussion

There are a number of issues of concern to the undersigned. First, the ALJ dismissed the Plaintiff's 25 years of chronic abdominal pain and abnormal bowel function due to her assertion to Dr. McCallum on November 6, 2007 that she "felt somewhat better." (Tr. 44). There is considerable evidence that Plaintiff was still having six or more bowel movements per day. Her testimony at the administrative hearing, the pain and functionality report submitted to the Social Security Administration, and the medical records from the Colon and Rectal Clinic of Northwest Arkansas, the Wellquest Clinic, and the University of Kansas Medical Center all point to continued frequent, urgent, and painful bowel movements. (Tr. 26, 113, 116, 200, 246-251, 280-282). After reviewing the entire evidence of record, it appears that little weight was given to these records.

Second, the ALJ purported to give Dr. Mullins's examination substantial weight, but there is some confusion as to what exactly Dr. Mullins diagnosed. Specifically, Dr. Mullins's fourth diagnosis is illegible. (Tr. 266). When recounting the diagnoses, the ALJ wrote "possible something" when referring to the unknown medical condition. (Tr. 44). Since the ALJ must review the entire record, it is worrisome that he did not seek more information regarding this diagnosis. Further, when reviewing Dr. Mullins's opinion, the ALJ seemed to only be concerned with the gastrointestinal problems. Dr. Mullins's other diagnoses of anemia, fibromyalgia, asthma, and migraine headaches are all consistent with the claimant's medical history; however, it is unclear what weight, if any, the ALJ gave to the limitations caused by these impairments.

Third, the ALJ mentioned and quickly dismissed the Plaintiff's shortness of breath and tightness in her chest because they were diagnosed as non-cardiac. (Tr. 44). However, the ALJ failed to mention that Dr. Holland diagnosed the chest pain as non-cardiac because she believed that "this [chest pain] is all related to an underlying psychological component." (Tr. 200). It is therefore troubling that no assessment of the Plaintiff's mental health was included in the ALJ's determination of disability. Based on the above, the undersigned believes that remand is necessary so that the ALJ can more fully and fairly develop the record.

On remand, the ALJ is directed to obtain a mental RFC assessment from an examining mental health professional to address how the Plaintiff might function in the workplace. Also, the ALJ should submit interrogatories to Dr. Mullins requesting clarification of his fourth diagnosis. Additionally, the ALJ should ascertain whether, in Dr. Mullins's opinion, the Plaintiff's gastrointestinal problems would allow her to work an eight (8) hour shift without taking frequent and unscheduled breaks. The ALJ should also determine from Dr. Mullins the extent that the non-gastrointestinal diagnoses, especially her fibromyalgia, would affect her ability to function in the workplace. Next, the ALJ should ascertain by submitting interrogatories to Dr. McCallum whether the Plaintiff's gastrointestinal problems would allow her to work an eight (8) hour shift without taking frequent and unscheduled breaks. Finally, the ALJ should require Dr. McCallum to complete a physical RFC assessment.

Upon receiving responses, the ALJ should then re-evaluate the Plaintiff's RFC and include in the hypothetical any limitations that are supported in the record.

### IV.   Conclusion

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and the matter

should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

      IT IS SO ORDERED this 3rd day of February 2011.

      /s/ *Erin L. Setser*
      HON. ERIN L. SETSER
      UNITED STATES MAGISTRATE JUDGE